IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

      Plaintiff-Respondent,

v.

                                            CIV 98-904 JC/KBM
                                            CR 95-346 JC

ERIN S. SMITH,

      Defendant-Movant


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Smiths's Motion to Vacate, Set Aside or Correct

Sentence by a Person in Federal Custody under 28 U.S.C. § 2255.  Having considered the

arguments, pleadings, relevant law, and being otherwise fully advised, I find the motion to be

untimely and recommend the case be dismissed.

### Background

Smith pleaded guilty to conspiracy with intent to distribute 1000 grams or more of

methamphetamine and judgment was entered on October 24, 1996.  As such, the time limitation

period of the Anti-Terrorism and Effective Death Penalty Act of 1996, which became effective

April 24, 1996, is fully applicable to this case.

No direct appeal was filed following conviction and sentencing.  On June 16, 1997,

however, Smith filed a *pro se* Notice of Delayed Appeal with the United States Court of Appeals

for the Tenth Circuit.  The appeal was dismissed for lack of jurisdiction.  In doing so, the

appellate court noted that:

In a criminal case, a defendant must file a notice of appeal ten days after entry of judgment. Under FED. R. APP. P. 4(b), the ten-day deadline for the timely filing of an appeal by Defendant Smith expired on Monday, November 4, 1996. See FED. R. CIV. P. 45(a). A district court may grant an extension of time to file an appeal under Rule 4(b) in a criminal case upon the showing of excusable neglect if a notice of appeal or motion is filed within the thirty-day permissible extension period. *See United States v. Lucas,* 597 F.2d 243, 245 (10th Cir. 1979). In this case, the thirty-day permissible extension period expired on December 4, 1996. The record reveals that Defendant did not file an appeal within the forty-day time limit.

Order of October 15, 1997, No. 97-2207. Because the limit had expired, the Tenth Circuit rejected Smith's argument that failure of her attorney to file a notice of appeal "as instructed" constituted excusable neglect. Thus, it found the appeal untimely and that it lacked jurisdiction. The dismissal was not further appealed.

Smith filed the instant action on July 27, 1998. She challenges the fairness of the sentence she received in comparison to her codefendants, arguing that she should have been characterized as a minor participant (and thus would have been incarcerated nearer to her family). Smith further asserts that she should have been granted acceptance of responsibility instead of being assessed to additional levels for obstruction of justice. She also seeks to relitigate the Tenth Circuit's dismissal.

A petition under § 2255 must be filed within one year of the date that the conviction becomes "final." *E.g., United States v. Simmonds,* 111 F.3d 737, 744 (10th Cir. 1997). If, as here, a defendant fails to perfect a timely direct appeal, the conviction is considered "final" on the date the time has expired for filing a direct appeal. *Kapral v. United States,* 166 F.3d 565, 577 (3rd Cir. 1999); *see also Adams v. United States,* 173 F.3d 1339, 1342 & n.2 (11th Cir. 1999) (noting holding in *Kapral* and discussing Tenth Circuit's unpublished decision in *United States v.*

*Lacey,* 162 F.3d 1175 (10th Cir. 1998) (Table) as a circuit that also finds convictions final when next level of review is denied or time for doing so has expired); *United States v. Morales,* 1998 WL 864107 (10th Cir. 1998) (unpublished) (defendant failed to appeal judgment; § 2255 petition held untimely as "more than one year had passed since he was convicted").

Here, the Court will assume for the sake of argument that latest date that the conviction was "final" was December 4, 1996. Accordingly, the petition should have been filed by December 3, 1997. It was filed more than seven months later, on July 27, 1998. Also assuming, for the sake of argument, that period was tolled for the approximately five months during the time between filing the delayed notice in the Tenth Circuit and its dismissal, the petition is still untimely. Smith does not argue that any of the other dates in 28 U.S.C. § 2255 from which the period can run apply in this case, and the Court finds that none of them are applicable.

Wherefore,

**IT IS HEREBY RECOMMENDED THAT** this action be dismissed as untimely.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE

Copr. © West 1999 No Claim to Orig. U.S. Govt. Works

162 F.3d 1175 (Table)
**Unpublished Disposition**

**(Cite as: 162 F.3d 1175,  1998 WL 777067 (10th Cir.(Kan.)))**

NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.

(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)

**UNITED STATES of America, Plaintiff-Appellee,**
**v.**
**Richard Ray LACEY, Defendant-Appellant.**

**No. 98-3030.**

United States Court of Appeals, Tenth Circuit.

Oct. 27, 1998.

PORFILIO, KELLY, and HENRY, C.J.

ORDER AND JUDGMENT [FN*]

FN* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. This case is therefore ordered submitted without oral argument.

This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

**\*\*1** Richard Ray Lacey seeks a certificate of appealability under 28 U.S.C. § 2253(c) so that he may appeal the district court's dismissal of his 28 U.S.C. § 2255 habeas corpus petition. However, because Mr. Lacey has failed to make a substantial showing of the denial of a constitutional right, we deny his request.

In 1994, a jury convicted Mr. Lacey of three counts of distributing cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, one count of conspiring to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, one count of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and one count of possession of cocaine and marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Mr. Lacey directly appealed his convictions, and we affirmed. United States v. Lacey, 86 F.3d 956, 973 (1996). On October 15, 1996, the

Supreme Court denied his petition for certiorari. Lacey v. United States, --- U.S. ----, 117 S.Ct. 331, 136 L.Ed.2d 244 (1996).

On October 27, 1997, the clerk of the district court received a pro se 28 U.S.C. § 2255 petition from Mr. Lacey. Even accepting Mr. Lacey's assertion that he mailed this petition on October 21, 1997 and giving him the benefit of the "mailbox rule," see Houston v. Lack, 487 U.S. 266, 270, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (holding that pro se prisoner's notice of appeal is "filed" when he "delivers such notice to the prison authorities for forwarding to the clerk of the District Court"), he still filed his habeas petition one year and six days after the Supreme Court had denied his petition for certiorari. Thus, he filed his habeas petition six days after the one-year limitation period provided by the Anti-terrorism and Effective Death Penalty Act (AEDPA). See 28 U.S.C. § 2255 ("A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from ... (1) the date on which the judgment of conviction becomes final.");see also Griffith v. Kentucky, 479 U.S. 314, 321 n. 6, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987)(defining "final judgment" in retroactivity context as "a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.' ").

Mr. Lacey does not contest that he filed his petition more than one year after the Supreme Court denied certiorari. Nor does he seek harbor in the AEDPA provision that delays the running of the one-year period until "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." See 28 U.S.C. § 2255(4). Rather, he attempts to escape AEDPA's one-year limitation period by alleging that his former attorney provided him with incorrect information regarding the due date of his habeas petition.

**2 AEDPA's one-year limitation period is not jurisdictional but, rather, is in the nature of a statute of limitations and, thus, may be subject to equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, --- U.S. ----, 119 S.Ct. 210, 142 L.Ed.2d 173, 1998 WL 407280 (Oct. 5, 1998). In United States v. Glover, 1998 WL 453674, at *1 (10th Cir. Aug.5, 1998), we held that equitable tolling was not warranted because the pro se habeas petitioner had failed to show that "there was an impediment created by governmental action, ... and [that] it prevented [him] from filing his motion in time." See also Johnson v. United States Postal Serv., 861 F.2d 1475, 1481 (10th Cir.1988) (stating that equitable tolling is appropriate where, among other things, the failure to file was "due to a false representation by [a] court, agency, or putative [adversary]"). Here, as in Glover, Mr. Lacey's former attorney is not a government actor. Moreover, Mr. Lacey has failed to allege any "extraordinary" circumstances that would justify equitable relief from AEDPA's one-year statute of limitations. See Johnson, 861 F.2d at 1480-81. Thus, equitable tolling is not warranted in this case. See Glover, 1998 WL 453674, at *1; Calia v. Morrison, 1995 WL 311750, at *2 (10th Cir. May 22, 1995) ("Because [a § 1983 plaintiff's] attorney was not privately retained and was not a state actor, his alleged misrepresentations cannot be attributed to the other defendants, and the claims against them were not tolled.").

Consequently, we hold that Mr. Lacey's § 2255 petition was untimely and hereby DENY his request for a certificate of appealability. In light of this holding, we also DENY as moot his motion to supplement his § 2255 petition.

END OF DOCUMENT

Copr. © West 1999 No Claim to Orig. U.S. Govt. Works

Slip Copy
98 CJ C.A.R. 6289
**Unpublished Disposition**
**(Cite as: 1998 WL 864107 (10th Cir.))**

NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.

NOTE: THIS OPINION WILL NOT BE PUBLISHED IN A PRINTED VOLUME. THE DISPOSITION WILL APPEAR IN A REPORTER TABLE.

**UNITED STATES of America, Plaintiff-Appellee,**
**v.**
**Carlos Kevin MORALES, Defendant-Appellant.**

**No. 98-6259.**

United States Court of Appeals, Tenth Circuit.

Dec. 14, 1998.

Before SEYMOUR, Chief Judge, BRORBY and BRISCOE, Circuit Judges.

ORDER AND JUDGMENT [FN*]

FN* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

**\*1** After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1.9.

On August 7, 1996, Carlos Kevin Morales pled guilty to one count of violating 21 U.S.C. § 841(a)(1), possession with intent to distribute cocaine base (crack). The court sentenced him four months later. Mr. Morales did not appeal the judgment and sentence. On April 21, 1998, he filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The district court dismissed his motion as time-barred under the limitations period of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) because more than one year had passed since he was convicted. See id. The district court denied Mr. Morales' motion for leave to appeal in forma pauperis, finding that it was not taken in good faith, 28 U.S.C. § 1915(a)(3). It also refused to grant Mr. Morales a certificate of appealability under 28 U.S.C. § 2253(c).

Mr. Morales claims that applying AEDPA to bar his claim violates the Ex Post Facto

Clause because he committed the underlying offenses prior to AEDPA's enactment. We are not persuaded, for several reasons. First, the Ex Post Facto Clause applies when a law retrospectively alters the definition of criminal conduct or increases the punishment for the crime. See Lynce v. Mathis, 117 S.Ct. 891, 896 (1997). Applying section 2255 to Mr. Morales claim does neither. Second, AEDPA went into effect on April 24, 1996; Mr. Morales was convicted several months later. He was therefore covered by, and on notice of, section 2255's one-year time limit on habeas corpus motions as soon as his conviction became final. Finally, we note that even applying the one-year tolling provision set out in United States v. Simmonds, 111 F.3d 737, 745- 46 (10th Cir.1997), Mr. Morales' section 2255 appeal is still untimely as it was filed after April 23, 1997. The cases Mr. Morales cites in his appeal, Weaver v. Graham, 450 U.S. 24 (1981), and Devine v. New Mexico Dept. of Corrections, 866 F.2d 339 (10th Cir.1989), both concern the retroactive enhancement of a prisoner's punishment, and are therefore inapposite.

Mr. Morales' appeal is frivolous. We accordingly DENY him leave to file in forma pauperis, DENY his application for a certificate of appealability, and DISMISS this appeal. [FN1]

> FN1. 28 U.S.C. § 1915(g) does not apply to claims raised under 28 U.S.C. § 2255, see United States v. Simmonds, 111 F.3d 737, 744 (10th Cir.1997), and consequently this dismissal does not count as a strike under that provision.

END OF DOCUMENT